N. E. BREWER COMPANY v. JOHN D. YARBROUGH AND YARBROUGH TRANSFER AND STORAGE COMPANY.

(Filed 22 November, 1961.)

**Negligence §§ 24a, 25—**

> The pleadings and evidence in this case held to raise issues of negligence and contributory negligence with regard to whether the damage to plaintiff's backhoe when it ran off the side of defendants' trailer in loading operations resulted from negligence of defendants in providing a trailer with unsecured four by four timbers on its bed and whether plaintiff was contributorily negligent in providing an operator who was unfamiliar with the controls of that particular backhoe, causing him to lose control of the equipment as he was driving it upon the trailer.

APPEAL by plaintiff from *Crissman, J.*, May 29, 1961 Term of FORSYTH.

Plaintiff is a corporation engaged in construction work. It owns much heavy equipment, including a Lima backhoe. The backhoe is a steam shovel or ditching machine which is propelled on tracks similar

to those on a crawler tractor; it consists of tracks, a cab and a boom, and weighs 54,000 pounds. Corporate defendant is a motor carrier. Plaintiff contracted with the corporate defendant to move the backhoe from a point on Pennsylvania Avenue to Castle Heights in Winston-Salem, compensation for the service to be on a per-hour basis. Corporate defendant's equipment for this transportation consisted of a tractor and lowboy trailer. The lowboy trailer had a large flat bed which was about 2½ to 3 feet from the ground, and it had two sets of double wheels on each side. There were openings in the bed of the trailer above the wheels, and at times the tires extended through and above the bed up to five inches, depending on the weight of the load and the irregularity of the surface over which the trailer moved.

Plaintiff prepared a dirt ramp for use in loading the backhoe. On 3 January 1959 the corporate defendant sent its tractor and lowboy trailer to the loading site. The individual defendant, president of defendant corporation, accompanied the driver of the tractor-trailer to the loading site. They backed the lowboy up to the dirt ramp, and placed six timbers on the bed of the lowboy. The timbers were 4 by 4s, three feet long. They were not secured or fastened to the bed, but were laid loose and crosswise on the bed. The purpose of the timbers was to protect the trailer tires. An employee of plaintiff drove the backhoe up the dirt ramp and onto the bed of the lowboy a distance of about 12 feet, at which point the backhoe went off the right side of the trailer, turned over and was damaged. At the time the backhoe started off the trailer the tracks were entirely on the trailer bed. If the backhoe had proceeded on the trailer for 6 more feet it would have been in proper position for the moving operation.

This action is for recovery of damages for injury to the backhoe. Plaintiff alleges that the loading was under the supervision of defendants, that defendants were negligent in that they furnished a trailer with loose timbers placed thereon, that it was unsafe to load the backhoe on the trailer in this condition, that defendants insisted that the machine be loaded thereon notwithstanding and assured plaintiff it was safe to do so, that the loose timbers caused the backhoe to run off the trailer and the damage resulted. Defendants denied all of plaintiff's allegations of negligence, denied that they supervised the loading or had any responsibility with respect to the loading, alleged that plaintiff's employee, driver of the backhoe, was unfamiliar with its operating mechanism, and said employee's negligence in operating it was the cause of the damage, and pleaded contributory negligence.

There was evidence which tended to show: The driver of the backhoe noticed the loose timbers and asked the individual defendant if it was safe to "load on or to cross those timbers," and was told that de-

fendants had been using them all the time. The driver had had a great deal of experience in loading backhoes but had never loaded "on . . . timbers before." Others experienced in such operations had not seen loose timbers used. The tracks of the backhoe were wet and muddy. When the tracks reached the timbers, the timbers slipped, the machine turned to the right and fell off the trailer.

There was also evidence which tended to show: The driver of the machine was an experienced backhoe operator, but had operated this particular machine very little. The controls on this machine are different from those on the machine he customarily operated. The controls were at "neutral" which permitted the machine to go straight ahead. He did not touch the controls at any time after he started up the ramp. When the backhoe veered to the right he jumped off.

The jury for its verdict found defendants negligent and plaintiff contributorily negligent.

From judgment in accordance with the verdict plaintiff appealed and assigned errors.

*Deal, Hutchins and Minor, and Edwin T. Pullen for plaintiff, appellant.*

*Hudson, Ferrell, Petree, Stockton & Stockton and Norwood Robinson for defendants, appellees.*

PER CURIAM. Upon the pleadings and evidence, issues arose for jury determination. The jury has decided these issues. The case was presented by the court to the jury upon proper issues and upon a charge free of error prejudicial to plaintiff. Plaintiff has failed to show any error sufficiently harmful to justify a new trial.

In the trial of the case, we find

No error.